IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:06-CV-97-D

| | |
|---|---|
| GWENDOLYN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income disability benefits ("SSI") on the grounds that plaintiff is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings (DE #15, 17). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that defendant's motion be allowed, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

## I. BACKGROUND

### A. Case History

Plaintiff alleges a disability onset date of 12 May 1986 due to major depressive disorder, glaucoma, and hypertension. Transcript of Proceedings ("Tr.") 15. Plaintiff initially received benefits beginning in 1986, but these benefits were terminated after she was incarcerated in 2003. *Id.* 14. She filed an application for SSI benefits on 2 March 2004, which was denied on 22 April 2004, and she re-filed an application for benefits on 28 August 2004 with a protective filing date of

21 July 2004.[1] *Id.* 14, 56-58. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed. *Id.* 14, 31-41 On 23 May 2005, a hearing was held before an Administrative Law Judge ("ALJ") in Wilmington, North Carolina. *Id.* 14.

In a written decision dated 25 January 2006, the ALJ found that plaintiff was not disabled and therefore was not entitled to SSI. *Id.* 11-27. Plaintiff timely requested review by the Appeals Council on 16 February 2006. *Id.* 9-10. The Appeals Council denied the request for review on 8 June 2006. *Id.* 6-8. At that time, the decision of the ALJ became the final decision of the Commissioner, pursuant to 20 C.F.R. § 416.1481. *Id.* 6. Plaintiff commenced this proceeding for judicial review on 11 July 2006 in accordance with 42 U.S.C. §§ 405(g) and 1383(c)(3).

### B.     Standards for Disability

The Social Security Act ("Act") defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 1382c(a)(3)(B).

---

[1] Plaintiff also filed an application for Disability Insurance Benefits ("DIB") on 2 March 2004, which was denied on 22 April 2004. Tr. 239-41. It does not appear that plaintiff appealed the denial of DIB.

2

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §1382c(a)(3)(D). The burden of proving disability falls upon the claimant. *English v. Shalala,* 10 F.3d 1080, 1082 (4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass,* 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

3

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

## C.     Findings of the ALJ

Plaintiff was thirty-eight years old on the alleged onset date of disability and was fifty-six years old on the date of the administrative hearing. Tr. 15, 25. She has a high school education and three years of college, but no vocationally relevant past work experience. *Id.* 15.

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Tr. 26, ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe withing the meaning of the Regulations, 20 C.F.R. § 416.920(c): glaucoma, borderline intellectual functioning, major depressive disorder with anxiety, post traumatic stress disorder, personality disorder, and history of polysubstance abuse. *Id.* 21, 26 ¶ 2. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments in appendix 1 to 20 C.F.R. part. 404, subpart P. *Id.* 22, 26 ¶ 3.

At step four, the ALJ determined that plaintiff had the RFC to perform a significant range of medium work activity. *Id.* 22, 26 ¶ 5, 27 ¶ 10 . Specifically, the ALJ found that plaintiff is able to lift and carry up to 50 pounds occasionally and 25 pounds frequently, and can stand, walk, or sit for six hours in an eight hour day. *Id.* 22. At step five, the ALJ found that although plaintiff had no past relevant work, there were jobs in the national economy existing in significant numbers that

4

plaintiff could perform, including specifically warehouse worker, housekeeper, and night housekeeper. *Id.* 25-26, 26 ¶ 6, 27 ¶ 11.

## II. DISCUSSION

Plaintiff contends that the ALJ's decision should be reversed on three principal grounds: (1) the ALJ erred in his treatment of the medical evidence; (2) the hypothetical the ALJ posed to the vocational expert ("VE") was erroneous; and (3) the ALJ's RFC determination of medium work is not supported by substantial evidence. Each of these contentions is examined below following a discussion of the applicable standard of review.

### A. Standard of Review

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales,* 402 U.S. at 401 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales,* 402 U.S. at 401.

5

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. The ALJ's Rejection of Treating and Examining Physician Reports

Plaintiff argues that the ALJ erred in largely rejecting the medical opinion of plaintiff's treating physician and another examining state agency psychologist while giving significant weight to the opinion of a non-examining psychologist. The court disagrees.

There is no question that the opinion of a treating physician must generally be given great weight. *See, e.g., Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). The underlying rationale is that the opinion of a treating physician "reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Id.*

6

However, there must be appropriate support in the record to warrant special deference to the treating physician's opinion. Specifically, the Regulations provide that controlling weight be given to a treating source's opinion only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence in the case record." 20 C.F.R. § 416.927(d)(2); *see also* Social Security Ruling 96-2p, *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, 61 FR 34490 (2 July 1996). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590.

In the present case, plaintiff's treating physician, Angel Vazquez, M.D., found on 11 February 2005 that plaintiff suffered from major depressive disorder, panic disorder, post traumatic stress disorder, personality disorder, hepatitis C, hypertension, and glaucoma. Tr. 17, 208. Further, Dr. Vazquez opined that plaintiff was markedly limited in both activities of daily living and maintaining social functioning, had constant deficiencies of concentration, persistence or pace, and had experienced one or two episodes of decompensation. *Id.* 212. The ALJ accorded little weight to this opinion because he found that Dr. Vazquez's opinion was not supported by the weight of the evidence. *Id.* 24. The ALJ's finding complies with the foregoing authorities.

Other medical evidence indicated that plaintiff's ailments were well treated and her conditions improved with medication, rendering them non-disabling. *Id.* 24, 228, 234; *see Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling"). With regard to maintaining social functioning, the ALJ noted that plaintiff was able to live with her daughter and her daughter's family, and that plaintiff's friend, Andrew Cromartie, reported that he visited plaintiff daily, indicating that plaintiff could

maintain social relationships. Tr. 20, 85. While Dr. Vazquez noted that plaintiff could not work a regular job on a sustained basis due to memory and concentration problems, *id.* 211, other medical evidence revealed that plaintiff had a good memory and was able to read, write, add, subtract, and multiply, *id.* 23, 196, 235.

Additionally, the rationale behind according great weight to the treating physician's opinion, as noted above, is not present in this case. *See Mitchell*, 699 F.2d at 187. Dr. Vazquez did not treat plaintiff over a prolonged period. Instead, as the ALJ noted, plaintiff saw Dr. Vazquez on only three occasions for a 15 minute medication check each time. Tr. 24, 208, 226, 228-29, 234-36.

The ALJ also acted lawfully in finding that the medical evidence did not support the opinion of Joseph Appollo, Ph.D., a state agency psychologist who examined plaintiff on 6 November 2004. *Id.* 24, 194-97. Dr. Appollo found that plaintiff had a global adaptive functioning ("GAF") level of only 30 to 35, which indicates an inability to function in nearly all areas or major impairment in several areas. *Id.* 24, 197. However, the ALJ found that a GAF of only 30 to 35 greatly underestimated plaintiff's actual abilities and level of functioning based on plaintiff's daily activities and other medical reports from functional examinations. *Id.* 24. The ALJ noted that mental health treatment records showed plaintiff to have adequate insight and judgment. *Id.* Only a few months after plaintiff's examination by Dr. Appollo, Dr. Vazquez in February 2005 found plaintiff's GAF to be 45. *Id.* 235. Additionally, plaintiff's own testimony and other medical evidence revealed that plaintiff could watch and follow along with television programs, perform simple mathematical equations, maintain personal relationships with others, and relate well with her physicians. *Id.* 24.

Further, Dr. Appollo's findings appear to be internally inconsistent. Although he found plaintiff to have a GAF of only 30 to 35, he stated that she "may be able to understand instructions

8

adequately to perform simple, routine, and repetitive tasks." *Id.* 197. Dr. Appollo also stated that plaintiff lacked the motivation or desire to work because she had become accustomed to receiving a disability check for many years. *Id.* 20, 197.

Plaintiff argues that there was no conflict of medical evidence that would enable the ALJ to discount the opinions of Dr. Vazquez and Dr. Appollo. The medical evidence discussed above demonstrates the baselessness of this contention. Moreover, the evaluation by a non-examining state agency psychologist, Steve Salmony, Ph.D, found plaintiff capable of performing simple, routine, and repetitive tasks. *Id.* 153-171. Although Dr. Salmony found that plaintiff had an anxiety disorder, post traumatic stress disorder, and substance abuse disorder, *id.* 156, 158, 161, he determined plaintiff to be only moderately limited in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace, with insufficient evidence of episodes of decompensation, *id.* 163. He concluded that plaintiff "should be able to understand and remember simple instructions . . . [and] carry out very short and simple instructions." *Id.* 169. The ALJ gave significant weight to Dr. Salmony's opinion. *Id.* 22, 24. He did not err in doing so because Dr. Salmony's opinion is supported by objective medical evidence of record. *Smith v. Schweicker*, 795 F.2d 343, 346 (4th Cir. 1986) (ALJ's reliance on opinion of non-examining physician permissible when consistent with the record); *see also Gordon v. Schweicker*, 725 F.2d 231, 235 (4th Cir. 1984) (same). For this and the other reasons discussed, plaintiff's challenge to the weight the ALJ accorded the medical opinions in issue should be denied.

### C. Sufficiency of the Hypothetical to VE

Plaintiff also contends that the ALJ failed to include all of plaintiff's limitations in the hypothetical posed to the VE. Plaintiff's contention is without merit.

9

To be helpful, the VE's opinion must be "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). The VE must accept as true the RFC as determined by the ALJ. *Hines v. Barnhart*, 453 F.3d 559, 566 n.5 (4th Cir. 2006).

In this case, the hypothetical presented to the VE by the ALJ adequately reflected the plaintiff's RFC as determined by the ALJ. The hypothetical posited an individual of the same age, education, and work background as plaintiff who had the ability to lift 50 pounds occasionally, 25 pounds frequently, and could stand, walk, or sit for six hours of an eight hour workday. Tr. 270. Additionally, the individual could not be exposed to ropes, ladders, scaffolds, or other hazards, would be limited to simple one-two step tasks, and would need a low-stress work environment. *Id.* Based on this hypothetical, the VE testified that there were jobs that existed in significant numbers in the national and local economies which an individual with the limitations described could perform. *Id.* 270-71.

Plaintiff's challenge to the hypothetical is based, in part, on the complaint that it did not include all the limitations identified by Dr. Vazquez. However, as noted, the ALJ permissibly did not credit Dr. Vazquez's opinion regarding plaintiff's limitations. Such limitations were therefore properly excluded from the hypothetical. *See Johnson*, 434 F.3d at 659.

Plaintiff also contends that the hypothetical did not reflect the findings of Dr. Salmony. Dr. Salmony found plaintiff to be only moderately limited in maintaining attention and concentration, performing on a schedule, completing a normal workday, and getting along with co-workers. Tr. 163. Dr. Salmony also noted that plaintiff could likely perform simple, routine, repetitive tasks. *Id.*

10

169. The hypothetical adequately addressed these limitations by restricting the hypothetical individual to simple one-two step tasks in a low-stress work environment. The hypothetical posed by the ALJ was therefore in all respects lawful.

### D. Substantial Evidence for RFC Determination

Lastly, plaintiff argues that there was insufficient evidence in the record to support the ALJ's finding that plaintiff had the RFC for medium work. The court disagrees.

Plaintiff was evaluated on 19 April 2004 by Elizabeth Hoyt, M.D., a state agency physician. Tr. 172-79. Dr. Hoyt found that plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, and could sit, walk, or stand up to six hours in an eight hour workday. *Id.* 173. Further, Dr. Hoyt found that plaintiff had no postural, manipulative, or communicative limitations. *Id.* 174, 175, 176. Dr. Hoyt accounted for plaintiff's glaucoma by indicating that she was visually limited in her far acuity. *Id.* 175. She also restricted plaintiff from concentrated exposure to hazards such as machinery and heights. *Id.* 176. The findings by Dr. Hoyt are consistent with the ALJ's determination that plaintiff could perform medium work.

Plaintiff's central argument on this point appears to be that her age along with her impairments prevent her from being able to lift 50 pounds. However, plaintiff produced no evidence to support that contention. Furthermore, plaintiff's only physical impairment which was found to be severe is glaucoma. As noted above, Dr. Appollo opined that plaintiff, who has never worked, has become accustomed to not working and to receiving Social Security benefits, and therefore lacks the motivation to work. *Id.* 20, 197. Lack of motivation to work does not equal an inability to work. Accordingly, the ALJ's determination that plaintiff could perform medium work is supported by substantial evidence.

11

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for judgment on the pleadings be ALLOWED, plaintiff's motion for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 3rd day of July, 2007.

James E. Gates
United States Magistrate Judge

12