IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CV-97-D

| | | |
|---|---|---|
| GWENDOLYN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Gwendolyn Gray ("plaintiff" or "claimant") appeals the final decision by defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income payments ("SSI"). On July 3, 2007, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, defendant's motion for judgment on the pleadings be granted, and the Commissioner's final decision be affirmed. On July 12, 2007, plaintiff objected to the M&R. On July 25, 2007, the government responded. As explained below, the court overrules the plaintiff's objection to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In conducting its review of the objections to the M&R, the court applies the same legal standard that Judge Gates discussed in the M&R. See M&R 5-6. Specifically, a court "must uphold the factual findings of [the ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 1383(c)(3). "Substantial evidence" means "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

## II.

On May 23, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for SSI. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 416.920. Essentially, this process requires the ALJ to consider whether a claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and RFC. See id.; M&R 3. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. R. at 26. Next, the ALJ found that plaintiff had severe

2

impairments of glaucoma, borderline intellectual functioning, major depressive disorder with anxiety, post traumatic stress disorder, personality disorder, and history of polysubstance abuse. Id. at 21, 26. At step three, however, the ALJ determined that plaintiff's impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. § 404, Subpart P, App. 1. Id. at 22, 26; M&R 4.

At step four, the ALJ determined that plaintiff had the RFC to perform a significant range of medium work activity (work involving occasional lifting of 50 pounds; frequent lifting of 25 pounds; and standing, walking, or sitting 6 hours of an 8 hour workday). R. at 22, 26-27. At step five, the ALJ consulted the Medical-Vocational Rules ("grids") listed in 20 C.F.R. § 404, Subpart P, App. 2, to see if jobs were available in the national economy for someone with plaintiff's RFC and personal characteristics. Id. at 25. The ALJ also received testimony from a vocational expert ("VE") who testified that plaintiff could perform the jobs of warehouse worker, housekeeper, and night housekeeper. Id. at 25-26. Based on the Medical-Vocations Rules and the opinion of the VE, the ALJ concluded that plaintiff was "not disabled" within the meaning of the Social Security Act. Id. at 26. Accordingly, on January 25, 2006, the ALJ denied SSI. Id. at 26-27.

On June 8, 2006, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Id. at 6. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

### III.

Plaintiff makes three objections to the M&R: (1) that the M&R did not give significant weight to the treating physician's and examining state agency psychologist's medical reports; (2) that the M&R erred in finding that the ALJ's hypothetical question to the VE fairly conveyed plaintiff's

3

limitations; and (3) that the M&R erred in finding the ALJ's decision to be supported by substantial evidence.

A.

Plaintiff objects to the M&R's determination that the ALJ properly discounted the treating physician's and examining state agency psychologist's medical reports. Moreover, plaintiff maintains that the ALJ gave improper weight to the opinions of non-examining state agency physicians. Obj. to M&R 1-2.

The opinion of a treating physician is generally entitled to great weight. See, e.g., Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983) (per curiam). The underlying rationale is that the opinion of a treating physician "reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Id. The opinion of the claimant's treating physician "may be disregarded only if there is persuasive contradictory evidence." Id. However, appropriate support in the record must warrant deference to the treating physician's opinion. The Regulations provide that controlling weight be given to a treating source's opinion only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2).

The M&R properly found that the ALJ complied with the foregoing authorities. M&R 7. The ALJ accorded little weight to the opinion of Angel Vazquez, M.D., plaintiff's treating physician, because he found it unsupported by the weight of the evidence. R. at 24. The M&R's analysis of the record shows inconsistencies between Dr. Vazquez's opinion and other medical evidence. M&R 7-8. Dr. Vazquez reported that plaintiff had limited social functioning and suffered from major depressive disorder, panic disorder, post traumatic stress disorder, personality disorder, hepatitis C, hypertension, and glaucoma. See, e.g., R. at 17, 208. However, other medical evidence indicated

4

that plaintiff's ailments were well treated and improved with medication, rendering them non-disabling. See, e.g., id. at 24, 228, 234; see Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). The ALJ also found that plaintiff was able to maintain social relationships, evidenced by her ability to live with her daughter and entertain social visitors. See, e.g., R. at 20, 85.

In determining the weight accorded to a treating source's opinion, the Regulations require examination of the length of treatment relationship, frequency of examination, and nature and extent of the treatment relationship. 20 C.F.R. § 416.927(d)(2)(i) & (ii). Dr. Vazquez met with the claimant on just three occasions, each for a fifteen minute medication check. The limited treatment relationship eliminates the rationale behind according great weight to the treating physician's opinion. R. at 24; see Mitchell, 699 F.2d at 187. Accordingly, the ALJ properly discounted the opinion of Dr. Vazquez.

Regarding the opinion of Joseph Appollo, Ph.D, an examining state agency psychologist, the ALJ found that it was internally inconsistent and underestimated plaintiff's actual abilities and global adaptive functioning ("GAF") level based on her daily activities and other medical evidence. R. at 24. In November 2004, Dr. Appollo indicated that the claimant had a GAF of only 30-35, representing an inability to function in nearly all areas or major impairment in several areas. Yet Dr. Appollo found that the plaintiff may be able to understand instructions to perform simple tasks. Id. at 197. In February 2005, Dr. Vazquez, plaintiff's treating physician, found plaintiff's GAF to be 45. Id. at 235. Based on these inconsistencies and under the standard derived from Mitchell and the Regulations, the M&R properly reflects the ability of the ALJ to discount Dr. Appollo's evidence. See Mitchell, 699 F.2d at 197; 20 C.F.R. § 416.927.

5

Finally, the ALJ gave proper weight to the opinion of Steve Salmony, Ph.D., a non-examining state agency psychologist. R. at 22, 24. The ALJ may rely on the testimony of a non-examining physician when it is consistent with the record. See, e.g., Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has held that if medical expert testimony from examining or treating physicians diverges, the "ALJ's determination coming down on the side on which the non-examining physician finds himself should stand." Id. Dr. Salmony's opinion is supported by objective medical evidence. See M&R 9 (summarizing record). Accordingly, the ALJ did not err, and plaintiff's first objection is overruled.

B.

Plaintiff objects to the M&R's finding that the ALJ's hypothetical questions to the VE fairly conveyed plaintiff's impairments and limitations. Obj. to M&R 2-3. At the fifth step in the ALJ's five-step process, the Commissioner bears the burden of showing that there is some other type of substantial gainful employment that the claimant can perform. 20 C.F.R. § 404.1560(c); Johnson v. Barnhart, 434 F.3d 650, 653-54 (4th Cir. 2005) (per curiam). "In deciding whether the Commissioner has met her burden, the ALJ generally must accept evidence from a vocational expert, who, based on the claimant's age, education, work experience, and RFC, testifies whether there are jobs for such a person in the national economy." Morgan v. Barnhart, 142 Fed. Appx. 716, 720 (4th Cir. Aug. 5, 2005) (unpublished) (citing 20 C.F.R. § 404.1520(g)(1)). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (per curiam). A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. Johnson, 434 F.3d at 659.

6

The VE reviewed plaintiff's file and listened to the testimony. R. at 269-70. The ALJ then posed two hypothetical questions to the VE:

> Q. Please assume that you're dealing with a hypothetical individual the same age as the claimant, the same educational background and past work experience. Further assume this hypothetical individual retains the capability of lifting 50 pounds on an occasional basis, 25 pounds on a frequent basis, can stand six of eight hours, walk six of eight hours and sit six of eight hours. Ropes, ladders, scaffolds, and hazards would be never. This individual could do simple 1-2 step functions. It would require a low stress work environment, this would have to be a non-production [job]. . . . And this person's vision would be affected by limitation of vision, severe and far acuity would be affected. Could such an individual perform any work which exists in the national economy and if so please identify the jobs . . . [?]
>
> A. Yes there would be positions that meet the hypothetical. One such . . . position would be that of a warehouse worker . . . . Another position would be that of a housekeeper . . . . Another position would be that of a . . . light or night housekeeper.
>
> Q. If you . . . add to the second [sic] hypothetical a hypothetical person that has the problems with concentration and thinking clearly as described by this claimant and those were found to be credible how would that affect this job base?
>
> A. In all jobs even though the jobs I cited in hypothetical are relatively low level 1 and 2 step jobs there's still the expectation that, of the employer that I have reasonable ability to concentrate, focus and pace and the ability to remain on task and . . . it would eliminate the positions cited.

Id. at 270-72. Plaintiff contends that the ALJ's hypothetical failed to include the limitations imposed by the treating physician and state agency physician. Obj. to M&R 2-3.

Hypothetical questions satisfy Walker if they "adequately reflect[]" the plaintiff's characteristics. Johnson, 434 F.3d at 659. For example, in Johnson, the plaintiff claimed that the ALJ's hypothetical questions to the VE "did not accurately reflect her condition because the ALJ neglected to include the alleged severe limitations created by her depression, her drowsiness, and her gross and fine manipulation impairments." Johnson, 434 F.3d at 659. The hypothetical questions listed the plaintiff's education, work experience, RFC for light work, need for an option to alternate sitting and standing, restrictions on climbing and operating dangerous machinery, slight mental

7

impairment, and slight impairment in fine and gross manipulation. Id. The Fourth Circuit held that the hypothetical questions – without stating the plaintiff's alleged limitations created by her medical conditions – adequately reflected the ALJ's findings on plaintiff's characteristics. Id. The ALJ retains discretion as to the manner in which hypothetical questions are crafted to communicate to the VE what the claimant can and cannot do. See Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir. May 16, 2006) (per curiam) (unpublished).

Plaintiff contends that the hypothetical failed to reflect the findings of Dr. Salmony, the non-examining state agency physician. Obj. to M&R 2-3. Dr. Salmony found that plaintiff could likely perform simple, routine, repetitive tasks. R. at 167. Dr. Salmony also noted that plaintiff was moderately limited in maintaining concentration, operating on a schedule, and socializing with peers. Id. at 163. In this case, the hypothetical adequately addressed plaintiff's limitations by restricting the hypothetical individual to simple one-two step tasks in a low-stress work environment. Id. at 270. In addition, the VE testified that he read plaintiff's file. Id. at 269. The VE's testimony, therefore, "was sufficiently informed to be 'useful' . . . ." See, e.g., Childers-Reese v. Chater, 1995 WL 371628, at *1 (4th Cir. June 21, 1995) (per curiam) (unpublished).

Plaintiff also bases her challenge in part on the exclusion of specific limitations identified by Dr. Vazquez. Obj. to M&R 3. Such limitations were properly excluded from the hypothetical because, as noted, the ALJ discounted Dr. Vazquez's opinion regarding plaintiff's limitations under Mitchell. Accordingly, the ALJ's hypothetical questions were adequate, and plaintiff's second objection is overruled.

C.

Finally, plaintiff maintains that the M&R erred in holding that the ALJ's finding of an RFC for "medium work" was supported by substantial evidence. Obj. to M&R 3. The Regulations

8

define "medium work" as activity that "involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds." 20 C.F.R. § 404.1567. As noted in the M&R, Elizabeth Hoyt, M.D., state agency physician, evaluated plaintiff on April 19, 2004. R. at 172-79. Dr. Hoyt opined that plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, and could sit, walk, or stand up to 6 hours in an 8 hour workday. Id. at 173. She found that plaintiff had no postural, manipulative, or communicative limitations. Id. at 174-76. Dr. Hoyt restricted plaintiff from exposure to hazards such as machinery and heights, which could be exacerbated by plaintiff's glaucomic condition. Id. at 175-76.

Plaintiff appears to argue that her age and impairments limit her ability to lift 50 pounds. However, plaintiff produces no evidence to support that contention and proffers no specific objections to the M&R. Accordingly, the ALJ's determination that plaintiff could perform "medium work" is supported by substantial evidence, and plaintiff's third objection is overruled.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the defendant's motion for judgment on the pleadings is GRANTED, and the final decision by the Commissioner is AFFIRMED. The Clerk is directed to close the case.

SO ORDERED. This the __16__ day of August 2007.

JAMES C. DEVER III
United States District Judge

9
Case 7:06-cv-00097-D   Document 28   Filed 08/16/07   Page 9 of 9